IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 15-cv-00572-CMA-CBS

SYLVIA ALICIA SEPULVEDA,

    Plaintiff,

v.

FORD MOTOR COMPANY,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Although Plaintiff filed her Amended Complaint in violation of Fed. R. Civ. P. 15, the Court elects to consider it and, thus, Defendant's Motion to Strike Plaintiff's Amended Complaint (Doc. # 21) is denied.  Further, because Colorado's applicable statute of limitations bars Plaintiff's claim, Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 25) is granted, and its Motion to Dismiss (Doc. # 6) is denied as moot.

### I.  BACKGROUND

On February 4, 2013, Plaintiff was driving a 2012 Ford Fiesta, VIN 3FADP4EJ9CM219908, in Fort Collins, Colorado.  (Doc. # 1 at 1.)  While driving the Ford Fiesta, Plaintiff was involved in a car accident.  (*Id.*)  Plaintiff claims that due to an air bag defect, she sustained severe injuries.  (*Id.*)  On March 20, 2015, Plaintiff filed a Complaint.  (*Id.*)  On March 24, 2015, Defendant filed a Motion to Dismiss; Plaintiff

responded on May 5, 2015, and Defendant replied on May 18, 2015.  (Doc. ## 6, 10, 13.)  On May 27, 2015, Plaintiff filed an Amended Complaint, to which Defendant filed a Motion to Strike.  (Doc. ## 16, 21.)  On June 16, 2015, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint.  (Doc. # 25.)  Plaintiff did not file a response.[1]

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed due to the plaintiff's "failure to state a claim upon which relief can be granted."  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  *See id.*; *see also Golan v. Ashcroft*, 310 F.Supp.2d 1215, 1217 (D. Colo. 2004).  The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  This pleading standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting

---

[1] In Defendant's Motion to Dismiss Plaintiff's Amended Complaint, Defendant "reasserts and incorporates its prior, pending Motion to Dismiss as the arguments contained in the motion [(Doc. # 6)] apply equally to the Amended Complaint."  (Doc. # 25 at 2.)  Because Defendant reasserts its prior arguments, Plaintiff's response (Doc. # 10) to Defendant's Motion to Dismiss (Doc. # 6) is sufficient to support her position.

and citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks and citations omitted; alterations incorporated).

Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss [under Rule 12(b)(6)]. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotation marks omitted).

The purpose of this pleading requirement is two-fold: "to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (internal quotation marks omitted).

### III.   DISCUSSION

**A.   PLAINTIFF'S AMENDED COMPLAINT**

Defendant contends that Plaintiff's Amended Complaint must be stricken because it violated Fed. R. Civ. P. 15. Rule 15 allows a party to amend its pleading once as a matter of course within twenty-one days after serving it, with the opposing party's written consent, or by leave of the Court when justice so requires. Fed. R Civ. P. 15(1)(B), (2).

As noted above, Plaintiff filed a Complaint on March 20, 2015. (Doc. # 1.) On May 27, 2015—more than two months later—Plaintiff filed an Amended Complaint without Defendant's written consent or leave of the Court. (Doc. # 16.) While Defendant is technically correct that Plaintiff's Amended Complaint should be stricken, in light of Plaintiff's *pro se* status, the fact that the Amended Complaint does not materially impact the Court's disposition of Defendant's Motion to Dismiss, and courts should freely give leave to amend a pleading, the Court elects to consider Plaintiff's Amended Complaint. *See Pierce v. Amaranto*, 276 F. App'x 788, 792 (10th Cir. 2008) ("[W]hile it is true that courts construe a *pro se* plaintiff's filings liberally, this court has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants.") (citation and internal quotation marks omitted); *but see Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) ("Fed. R. Civ. P. 15 provides that leave to amend 'shall be freely given.' This is especially true here because [Plaintiff] is proceeding *pro se*."). Accordingly, Defendant's Motion to Strike Plaintiff's Amended Complaint is denied.

B.   **DEFENDANT'S MOTION TO DISMISS**

Defendant argues that, because Plaintiff's claim against it arose on February 4, 2013, when the car accident and alleged injuries occurred, Colorado Revised Statute section 13-80-106(1) bars her claim. The Court agrees.

Statute of limitations questions may be resolved in a motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir.

1980) (citation omitted).  Under Colorado law, a party must bring an action against a manufacturer for personal injury within two years after the claim for relief arose.  Colo. Rev. Stat. § 13-80-106(1) (1986).  Specifically, the statute provides:

> Notwithstanding any other statutory provisions to the contrary, all actions except those governed by section 4-2-725, C.R.S., brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought, for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formula, installation, preparation, assembly, testing, packaging, labeling, or sale of any product, or the failure to warn or protect against a danger or hazard in the use, misuse, or unintended use of any product, or the failure to provide proper instructions for the use of any product shall be brought within two years after the claim for relief arises and not thereafter.

*Id.*  The statute of limitations begins to run on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence.  Colo. Rev. Stat. § 13-80-108(12) (explaining when a cause of action accrues for bodily injury arising out of the use of a motor vehicle).

In this case, it is undisputed that Plaintiff's claims arose on February 4, 2013, when the car accident and alleged injuries occurred.  On March 20, 2015—more than two years later—Plaintiff filed a Complaint seeking "personal injury compensation resulting from Ford Motor Company's Product Liability."  Thus, Plaintiff's action is time-barred unless she can demonstrate a basis for tolling the statute. [2]  *Aldrich*, 627 F.2d at 1041 n.4.

---

[2] Plaintiff contends that the Discovery Rule should apply because she was diagnosed with chronic dizziness and balance problems on June 20, 2014.  (Doc. # 16 at 3.)  However, the statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of injury, not the results of the injury.  Colo. Rev. Stat. § 13-80-108(12).

Plaintiff argues that her mental incapacity warrants tolling. She also claims that she "thought" the applicable statute of limitations was three years and that her filing a complaint in February 2015, albeit without including the jury filing fees, tolled the statute of limitations.

Tolling is governed by Colorado law. *Rosales v. Ortiz*, 325 F. App'x 695, 699 (10th Cir. 2009). Mental incompetency, which will toll the two-year limitation period specified in section 13-80-106, refers to "the insane, as defined in section 16-8-101, C.R.S., or to a person with an intellectual and developmental disability, as defined in section 25.5-10-202." Colo. Rev. Stat. § 25.5-10-237 (2014); *Reed v. City of Fruita, Colo.*, No. CIVA07CV01613-EWNMEH, 2008 WL 2705189, at *4 (D. Colo. July 8, 2008). A person is insane if she is "so diseased or defective in mind at the time of the commission of [an] act as to be incapable of distinguishing right from wrong," and a person is developmentally disabled if, *inter alia*, she has a disability that manifested before age twenty-two and that is "attributable to mental retardation or related conditions, which include cerebral palsy, epilepsy, autism, or other neurological conditions." Colo. Rev. Stat. §§ 16–8–101(1) (1995), 25.5-10-202(11)(a) (2014).

In this case, nothing in Plaintiff's Amended Complaint, response brief, or exhibits demonstrates that Plaintiff is insane or developmentally disabled. Plaintiff claims that after the car accident, her injuries included post-traumatic stress disorder, depression, poor balance, and memory concerns. In fact, the exhibits Plaintiff attaches to her Amended Complaint show that she was seen by doctors for complaints of problems with focusing, memory, neck pain, dizziness, chest pains, and fogginess. Indeed, Dr.

6

Bortnick provides a "Background Information" section in his evaluation of Plaintiff that does not characterize her as insane or developmentally disabled.

Further, Plaintiff filed this case *pro se* and claims she is seeking legal advice, which validates to the Court that she is not so diseased or defective in mind to be incapable of distinguishing from right and wrong.  Additionally, Plaintiff claims she was not mentally competent after her injury due to a severe concussion and brain injury. The fact that Plaintiff—who was 53 at the time of the accident—argues she became mentally incompetent **after** her injury proves that she did not have a disability before age twenty-two, as required under Colorado law to be deemed a person who is developmentally disabled.  Even if the Court were to convert Defendant's motion to dismiss into one for summary judgment, and consider additional evidence proffered by Plaintiff of mental incompetency, such evidence would fail to raise a triable issue of fact as to whether Plaintiff is insane or developmentally disabled because her most recent diagnosis, which is attached to her Amended Complaint, provides no indication that she cannot distinguish right from wrong or has a disability that manifested before the age of twenty-two.  Accordingly, Plaintiff is not mentally incompetent as defined under Colorado law; and, thus, the two-year limitation period specified in section 13-80-106(1) cannot be tolled due to mental incompetency.

Moreover, even though Plaintiff thought the applicable statute of limitations was three years, mistake of the law does not toll the time-period requirement of section 13-80-106(1).  *See Fort Lyon Canal Co. v. Purgatoire River Water Conservancy Dist.*, 818 P.2d 747, 750 (Colo. 1991).  Additionally, although Plaintiff contends her filing of a

7

complaint in February tolled the statute of limitations, the statute of limitations continued to run until Plaintiff satisfied all prerequisites for filing this case, including paying jury fees. *See Broker House Int'l, Ltd. v. Bendelow*, 952 P.2d 860, 862 (Colo. App. 1998). Thus, the applicable statute of limitations was not tolled for any reason.

Because Plaintiff's claim is barred by the applicable statute of limitations, the Court need not consider Defendant's additional argument that it is entitled to dismissal for insufficient service of process.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Strike Plaintiff's Amended Complaint (Doc. # 21) is DENIED. It is

FURTHER ORDERED that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 25) is GRANTED, and its Motion to Dismiss Plaintiff's Complaint (Doc. # 6) is DENIED AS MOOT. Pursuant to Fed. R. Civ. P. 54(d)(1), the Court awards costs to Defendant, but Defendant shall bear its own attorney's fees. This case is DISMISSED WITH PREJUDICE.

DATED: June   26   , 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge